UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JACK MULHAM,

                Plaintiff,

                -against-

EDFINANCIAL SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SOLUTIONS, INC.
and TRANS UNION, LLC

                Defendant.
-------------------------------------------------------------------x

Case No. 2:25-cv-06192

COMPLAINT

Plaintiff, JACK MULHAM ("Plaintiff"), by and through his undersigned counsel, Mallon Consumer Law, brings this action against Defendants EDFINANCIAL SERVICES, LLC. ("EdFinancial"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax) and TRANS UNION, LLC ("Trans Union") and alleges the following, upon information and belief:

### PRELIMINARY STATEMENT

1. Plaintiff seeks to rectify the inaccurate and misleading reporting of student loan delinquencies by Defendant EdFinancial, and the failure of the Defendant consumer reporting agencies ("CRAs")—Experian, Equifax, and TransUnion—to conduct reasonable investigations and correct those inaccuracies in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. GBL §380 et seq.

2. Plaintiff's federal student loans were in COVID-related forbearance through 2024. Defendant EdFinancial failed to provide Plaintiff with proper mailed notice that payments were resuming, relying instead on email communications that went to a spam folder.

1

3. As a result, Plaintiff never received a final delinquency notice before being reported as late on his loans. When Plaintiff checked his credit report in April 2025, he discovered that EdFinancial had reported him as 90 days delinquent on eight separate accounts, even though he made a single consolidated payment obligation.

4. Plaintiff disputed these inaccuracies through the CFPB, state regulators, and directly with all three consumer reporting agency Defendants. Equifax partially corrected the reporting by removing late payments from six of the eight accounts, while Experian and TransUnion simply verified EdFinancial's reporting without any meaningful reinvestigation.

5. The inaccurate reporting and failure to correct it caused Plaintiff significant harm, including a drastic credit score reduction (to approximately 500), denial of credit, emotional distress, and reputational damage.

6. Plaintiff brings this action against Defendant EdFinancial for violating the FCRA, 15 U.S.C. § 1681s-2(b), by failing to reasonably investigate the inaccuracy in Plaintiff's credit report after the Plaintiff raised these concerns with Defendant Experian through a dispute letter filed with the latter.

7. Plaintiff brings this action against Experian, Equifax and Trans Union for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. GBL § 380 *et seq.* Specifically, the Defendant Experian failed to conduct reasonable investigations after Plaintiff disputed inaccuracies in his credit report. Despite Plaintiff submitting documentation proving that Defendant EdFinancial erroneously reported two critical inaccuracies—first, that Plaintiff had five EdFinancial accounts instead of the single actual account, and second, that Plaintiff was 90 days late on payments for these reported accounts—Defendant still denied his dispute and refused to investigate. These errors caused Plaintiff extreme detriment.

8. Plaintiff further alleges that as a direct and proximate result of Defendants' unlawful actions,

conduct, and omissions, the erroneous derogatory payment information wrongfully listed on Plaintiff's consumer reports caused him to suffer actual damages including, *but not limited to*, damage to his reputation, adverse impact to his otherwise excellent credit rating, in addition to the emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

9. Plaintiff brings this action for actual, statutory, and punitive damages, as well as for statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*, and the NY FCRA, N.Y. GBL § 380 *et seq.*

## JURISDICTION AND VENUE

10. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

11. This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction of the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

12. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

13. Plaintiff, a natural person, is a resident of the State of New York, and qualifies as an individual "consumer" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(c); N.Y. GBL § 380-a(b).

14. Defendant EDFINANCIAL SERVICES, LLC is a Tennessee-based corporation that furnishes credit information to consumer reporting agencies and is a "furnisher" under 15 U.S.C. §1681s-2.

15. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. is an Ohio corporation doing business in New York, and is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

16. Defendant EQUIFAX INFORMATION SERVICES, LLC is a Georgia corporation doing business in New York, and is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

17. Defendant TRANS UNION, LLC is a Delaware limited liability company doing business in New York, and is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

**FACTUAL BACKGROUND**

18. Plaintiff graduated in May 2024, and his federal student loans were in forbearance during the COVID-19 relief programs.

19. EdFinancial was responsible for servicing Plaintiff's loans and had represented that it would notify Plaintiff when payments resumed. EdFinancial was required to provide all notices to Plaintiff in writing to his home address.

20. Instead of sending Plaintiff written notice to his home address, EdFinancial sent critical communications to an outdated email address that went to spam and failed to send mailed notices or call the correct number.

21. Plaintiff never consented to receive communication from EdFinancial via email.

22. Defendant EdFinancial at all times knew Plaintiffs' address and had the ability to contact Plaintiff at his address.

23. In fact, EdFinancial did contact Plaintiff at his address – but only after the account had become seriously delinquent. Accordingly, Defendant EdFinancial intentionally chose to refuse to mail Plaintiff notices about his account until after it was seriously delinquent in violation of its agreement and obligations to Plaintiff.

24. Before a lender such as EdFinanical may conduct an electronic transaction that requires information to be provided or made available in writing to a borrower, the borrower must

4

affirmatively consent to use an electronic record (Section 101(c) of the E-Sign Act). The borrower's consent must be voluntary and based on accurate information about the transaction to be completed. The consent process used by the lender or holder must be designed to establish that the borrower understands that electronic records will be used instead of paper documents.

25. Plaintiff never provided such consent to EdFinancial or any predecessor in interest on the subject accounts.

26. Without proper notice, EdFinancial began reporting Plaintiff as 90 days delinquent on eight separate accounts in early 2025.

27. Plaintiff did not learn of the delinquency until April 2025, when he checked his credit report after being denied a credit card and discovered his score had dropped to approximately 500.

28. Plaintiff promptly contacted EdFinancial directly to dispute the inaccurate and misleading reporting of the subject account.

29. Despite repeated attempts from Plaintiff, EdFinancial refused to correct the misleading and inaccurate reporting to the credit reporting agencies.

30. Plaintiff thereafter disputed the account in writing with Defendants Experian, Equifax, and TransUnion, providing supporting documentation showing lack of legally required notice that his payments were due from EdFinancial.

31. Plaintiff is informed and believes that each of the credit reporting Defendants forwarded Plaintiff's disputes to EdFinancial and that EdFinancial refused to reasonably investigate the Plaintiff's disputes or review all relevant documentation on the account, and instead merely checked to see that the account was being reported as indicated in their internal records.

32. In fact, EdFinancial went so far as to label at least some of Plaintiff's disputes as "frivolous" and refused to investigate them altogether.

33. Defendant EdFinancial then forward the results of each of those disputes to the respective consumer reporting agency Defendants.

34. Instead of conducting their own reasonable "reinvestigation" as require by the FCRA, each of the consumer reporting agency Defendants merely "parroted" the results of EdFinancial dispute results and kept the misleading and inaccurate information on Plaintiff's credit reports.

35. Defendant Equifax partially corrected the information by removing late payments from six of eight accounts, suggesting that EdFinancial's reporting was inconsistent or inaccurate. Experian and TransUnion, however, verified the information without meaningful investigation.

36. As of this date, each of the defendant credit reporting agencies continues to deny the dispute of the Plaintiff, thereby destroying his otherwise excellent credit profile.

37. Plaintiff has suffered harm as a result of Defendants' conduct here. The inaccurate derogatory information wrongfully listed on Plaintiff's consumer reports was, at a minimum, a substantial factor in him being denied credit or being offered credit on inferior terms, and caused Plaintiff significant emotional distress and damage to his reputation, adverse impact on his otherwise excellent credit rating, in addition to expenditure of time and resources, annoyance, aggravation, and frustration.

**FIRST CAUSE OF ACTION**
VIOLATION OF THE FCRA
Against All Defendants

38. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

39. Defendants Experian, Equifax, and Trans Union each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer report regarding the Plaintiff, as that term is defined in the FCRA. See 15 U.S.C. § 1681a(d).

40. Such reports erroneously included false, misleading and derogatory information associated

with EdFinancial accounts.

41. Defendants Experian, Equifax and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of the Plaintiff's disputes on the inaccuracy of the credit reports related to the EdFinancial accounts.

42. Defendants Experian, Equifax and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff regarding his disputes.

43. Defendants Experian, Equifax and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed misleading, erroneous and derogatory payment information associated with the subject EdFinancial accounts from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

44. After receiving notification of the Plaintiff's disputes from the credit reporting agencies, Defendant EdFinancial willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable reinvestigations of Plaintiff's multiple disputes of the erroneous and derogatory information associated with the subject accounts, and by failing to review all relevant information regarding Plaintiff's disputes thereof.

45. Defendant EdFinancial willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information purportedly provided by Defendant Experian in conducting its reinvestigations of the subject accounts.

46. Accordingly, Defendants are thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## SECOND CAUSE OF ACTION
VIOLATION OF THE NY FCRA
Against Defendant Experian, Equifax and Trans Union Only

47. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

48. Defendants Experian, Equifax and Trans Union each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in the NY FCRA. See N.Y. GBL § 380-a(c)(1).

49. Such reports erroneously included false and derogatory payment information associated with the subject EdFinancial accounts. Defendant knew, or should have known, that the reports contained such erroneous information, in violation of N.Y. GBL § 380–j(a)(3).

50. Defendants Experian, Equifax and Trans Union willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject EdFinancial accounts.

51. Defendants Experian, Equifax and Trans Union willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the subject EdFinancial accounts from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

52. Defendants Experian, Equifax and Trans Union willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the subject EdFinancial accounts from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

53. Defendant each published credit reports regarding the Plaintiff on multiple occasions

containing the erroneous and derogatory payment information associated with the subject EdFinancial accounts, causing the Plaintiff to suffer economic harm via being denied credit, affecting the excellent credit standing, limiting his opportunities for credit, in addition to emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

54. Accordingly, Defendants Experian, Equifax and Trans Union are thus liable to Plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees, pursuant to N.Y. GBL §§ 380-l and 380-m.

55. Plaintiff is thus further entitled to an injunction requiring the Defendants to remove the erroneous and derogatory payment information associated with the subject EdFinancial accounts from the Plaintiff's respective credit files, and to implement policies and procedures designed to ensure future compliance with the NY FCRA and prevent similar errors from occurring in the future.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: October 29, 2025

Respectfully submitted,

Kevin C. Mallon
Mallon Consumer Law Group, PLLC
238 Merritt Drive
Oradell, NJ. 07649
(917) 734-6815
kmallon@consmerprotectionfirm.com
*Attorneys for the Plaintiff*